UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.07-cv-1860-EGS |
| | ) |
| UNITED STATES DEPARTMENT OF | ) **JOINT REPORT TO COURT** |
| AGRICULTURE, RURAL UTILITIES SERVICE; | ) **UNDER FED.R.CIV.P. 26(f),** |
| EDWARD T. SCHAFER,[1] in his official capacity as | ) **AND LCvR 16.3** |
| Secretary of Agriculture; JAMES M. ANDREW, in his | ) |
| official capacity as Administrator, Rural Utilities Service, | ) |
| United States Department of Agriculture | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Sierra Club, and Defendants United States Department of Agriculture, Rural

Utilities Service, Edward T. Schafer, and James M. Andrew (collectively "Federal Defendants"),

submit this Joint Report to the Court Under Fed. R. Civ. P. 26(f) and LCvR 16.3.

## I.    APPLICABILITY OF RULES AND FILING OF ADMINISTRATIVE RECORD.

1.    Federal Rule 16(b)(2), if applicable to this case, provides for the Court to issue a

scheduling order by February 5, 2008—90 days after the United States Department of Justice

entered its appearance of counsel on behalf of the Federal Defendants on November 7, 2007.

2.    Federal Rule 26(f) and LCvR 16.3, if applicable to this case, require the Parties to

confer under Rule 26(f) 21 days before a scheduling conference is held or a scheduling order is

due under Federal Rule 16(b).  The Court has not set a scheduling conference in this case.

---

[1] Edward T. Schafer was confirmed by the Senate and sworn in as Secretary of Agriculture on
January 28, 2008, and is automatically substituted for acting Secretary Charles F. Conner
pursuant to Fed. R. Civ. P. 25(d).

3.      Federal Rule 26(f) and LCvR 16.3, if applicable to this case, require the Parties to submit a report to the Court that contains a discovery plan and addresses the matters set forth in LCvR 16.3 within 14 days after the Rule 26(f) conference--by December 29, 2007.

4.      Federal Rules 26(f)(1) and  26(a)(1)(B)(i) and LCvR 16.3(b) exempt "an action for review on an administrative record" from the conference and reporting requirements of Rules 26(f) and LCvR 16.3, and the initial disclosures requirement in Federal Rule 26(a)(1)(A).

5.      The parties are not currently in agreement as to whether this case is "an action for review on an administrative record."

6.      The Sierra Club's Complaint alleges both that Federal Defendants took action that is arbitrary and capricious within the meaning of 5 U.S.C. § 706(2), and that the Federal Defendants' failure to comply with the National Environmental Policy Act is "agency action unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1).

7.      The Parties are not currently in agreement on whether a claim for violation of 5 U.S.C. § 706(1) is a claim for review on an administrative record.

8.      The Parties have conferred regarding settlement, scheduling and discovery issues, including the Federal Defendants' plans to submit an administrative record and file a motion to dismiss Sierra Club's Complaint.  The Federal Defendants intend to file a motion to dismiss the Complaint not later than January 31, 2008, in accordance with the Court's December 11, 2007 Order.  Sierra Club asserts that the Administrative Record should be filed no later than March 14, 2008.  Sierra Club believes that because the Complaint was served on or about October 29, 2007 this would provide Federal Defendants ample time to file the administrative record.  The Federal Defendants believe that the submission of an administrative record should be stayed pending the resolution of their motion to dismiss.  Federal Defendants believe that a stay would promote the

saving of the Government's time and resources because if the Court dismisses Plaintiffs'

Complaint, there will not be any need for production of the administrative record.  In the

alternative, Federal Defendants respectfully request that they be allowed until May 16, 2008, to

produce the administrative record.  The additional time requested is due to the need to review the

administrative record for confidential business information, and also due to the fact that Plaintiffs

would not suffer prejudice because the borrower has not yet obtained the state permits necessary

for construction of the challenged power plant expansion.

## II.     RULE 26(f) DISCOVERY PLAN

9.      <u>Initial Disclosures Under Fed. R. Civ. P. 26(a)(1).  Fed. R. Civ. P. 26(f)(3)(A).</u>

Sierra Club intends to make its initial disclosures no later than March 14, 2008.  The

Federal Defendants object to filing initial disclosures on the grounds that this is a record review

case exempted from initial disclosures pursuant to Federal Rule 26(a)(1)(B)(i).

10.      <u>Subjects of Discovery, Electronically Stored Information, Privilege Issues,</u>

<u>Changes to Limitations on Discovery, and Other Discovery Matters.  Fed. R. Civ. P. 26(f)(3)(B)</u>

<u>– (F)</u>.  The Parties believe that judicial economy and the interests of the Parties would be served

by permitting the Parties to revisit and report to the Court on the issues that are the subject of

Fed. R.  Civ. P.  26(f)(3)(B) – (F) after the Federal Defendants have submitted an administrative

record.  As stated above, the Sierra Club believes that Federal Defendants should file the

administrative record no later than March 14, 2008, and Federal Defendants believe that

submission of an administrative record should be stayed pending the resolution of their motion to

dismiss.

## III.    LCvR 16.3(c) MATTERS

11.    <u>Dispositive Motions.  LCvR 16.3(c)(1)</u>.  As stated above, Federal Defendants intend to file a motion to dismiss not later than January 31, 2008 and believe that submission of the administrative record, as well as other matters, should be stayed pending resolution of the motion.  Sierra Club does not agree that filing of the motion should stay submission of the administrative record or other matters.

12.    <u>Joinder of Parties, Amendment of Pleadings and Narrowing of Issues.  LCvR 16.3(c)(2)</u>.  The Parties believe that the time for joining other parties or amending the pleadings should be stayed until 60 days after Federal Defendants file an answer.  The Parties agree to confer regarding whether issues in the litigation can narrowed or agreed upon, if necessary, after Federal Defendants submit an administrative record and file an answer, if necessary.

13.    <u>Assignment to Magistrate Judge. LCvR 16.3(c)(3)</u>.  The Parties respectfully do not consent to the assignment of this case to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for all further proceedings.

14.    <u>Settlement Possibilities.  LCvR 16.3(c)(4)</u>.  The Parities believe that the prospects for settlement of this case are poor at this time.

15.    <u>Alternative Dispute Resolution.  LCvR 16.3(c)(5)</u>.  The Parties do not believe that this case would benefit from alternative dispute resolution at this time.

16.    <u>Motions.  LCvR 16.3(c)(6)</u>.  As stated above, Federal Defendants plan to file a motion to dismiss no later than January 31, 2008, and believe that the Court should grant the motion and dismiss this case.  Sierra Club disagrees that the case should be dismissed through a ruling on Federal Defendants' Motion.  The Parties believe that judicial economy and the interests of the Parties will be served by permitting the Parties to revisit and further report to the

Court after an administrative record is submitted on what further proceedings will be necessary if the motion to dismiss is not granted.

17.     Initial Disclosures, LCvR 16.3(c)(7).  Initial Disclosures are discussed in Paragraph 9, above.

18.     Discovery, Experts, Bifurcation, Pre-Trial and Scheduling Conferences and Other Matters, LCvR 16.3(c)(8), (9), (11), (12), (13) & (14).  The Parties believe that judicial economy and the interests of the Parties will be served by permitting the Parties to revisit and further report to the Court on these issues after Federal Defendants submit an administrative record.

19.     Class Action Procedures, LCvR 16.3(c)(10).   This section does not apply to this case because this is not a class action case.

## IV.     SUBMISSION OF PROPOSED ORDERS.

20.     The Parties were unable to agree on a proposed scheduling order, and, therefore, pursuant to LCvR 16.3(d), submit separate proposed scheduling orders.

21.     By submitting this Report and the accompanying proposed Orders, none of the Parties stipulate that this case is subject to the requirements of Federal Rule 26(a)(1)(A), Federal Rule 26(f), or LCvR 16.3, nor do any of the parties waive any right they may have to seek discovery in this case or to oppose discovery requested by another party.

Dated:  January 29, 2008

Respectfully submitted,

s/ Nicholas F. Persampieri
NICHOLAS F. PERSAMPIERI
Earthjustice
1400 Glenarm Place, Ste. 300
Denver, CO 80202
Tel: (303) 623-9466
Fax: (303) 623-8083
Email: npersampieri@earthjustice.org

DAVID S.  BARON
DC Bar #464222
Earthjustice
1625 Massachusetts Ave., NW
Ste. 702
Washington, DC 20036
Tel: (202) 667-4500
Fax: (202) 667-2356
Email: dbaron@earthjustice.org

ATTORNEYS FOR PLAINTIFF

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division


 _/s/ Brian C. Toth (with permission)_____
BRIAN C. TOTH
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0639
Facsimile:   (202) 305-0506
Email: brian.toth@usdoj.gov

Of counsel:

TERENCE M. BRADY
Assistant General Counsel
HELEN HARRIS
Attorney
Rural Utilities Division
Office of General Counsel
United States Department of Agriculture

ATTORNEYS FOR FEDERAL DEFENDANTS

CERFICIATE OF SERVICE

I hereby certify that on January 29, 2008, I electronically filed the foregoing JOINT
REPORT TO COURT UNDER FED.R.CIV.P. 26(f), AND LCvR 16.3 with the Clerk of the
Court using the CM/ECF system, which will send notification of such filing to the following e-
mail addresses:

Brian C. Toth
brian.toth@usdoj.gov

s/ Nicholas F. Persampieri
Nicholas F. Persampieri

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.07-cv-1860-EGS |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **SIERRA CLUB'S** |
| AGRICULTURE, RURAL UTILITIES SERVICE; ) | **PROPOSED ORDER** |
| EDWARD T. SCHAFER, in his official capacity as ) | |
| Secretary of Agriculture; JAMES M. ANDREW, in his ) | |
| official capacity as Administrator, Rural Utilities Service, ) | |
| United States Department of Agriculture ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the parties' Joint Report to Court Under Fed. R. Civ. P. 26(f), and LCvR 16.3, and for good cause shown, it is hereby Ordered that Defendants shall submit to the Court and serve on counsel for Plaintiff the administrative record on or before March 14, 2008.  The parties shall submit a joint report on the issues set forth in Fed. R. Civ. P 26(f)(3)(B) – (F), and LCvR 16.3(c)(6), (8), (9), (11), (12), (13) & (14) by April 11, 2008.

_____
Honorable Emmet G. Sullivan
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.07-cv-1860-EGS |
| | ) |
| UNITED STATES DEPARTMENT OF | ) **FEDERAL DEFENDANTS'** |
| AGRICULTURE, RURAL UTILITIES SERVICE; | ) **PROPOSED ORDER** |
| EDWARD T. SCHAFER,[1] in his official capacity as | ) |
| Secretary of Agriculture; JAMES M. ANDREW , in his | ) |
| official capacity as Administrator, Rural Utilities Service, | ) |
| United States Department of Agriculture | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on the parties' joint report under Rule 26(f) of the Federal

Rules of Civil Procedure and LCvR 16.3.  For good cause shown, it is hereby ORDERED that

the requirement for Defendants to submit the administrative record in this case is hereby

STAYED until after the Court resolves Defendants' motion to dismiss.  In the event that this

case is not been dismissed, the parties shall submit within 30 days after the Court's order on

Defendants' motion to dismiss, a proposed schedule for production of the administrative record.

The parties in their proposed schedule shall also address the requirements of Fed. R. Civ. P 26(f)

and LCvR 16.3, to the extent that the parties believe such requirements are applicable to this

case.

It is so ORDERED.

Dated: _____                    _____

Honorable Emmet G. Sullivan
United States District Judge

---

[1] Edward T. Schafer was confirmed by the Senate and sworn in as Secretary of Agriculture on January 28, 2008, and is automatically substituted for acting Secretary Charles F. Conner pursuant to Fed. R. Civ. P. 25(d).