UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br><br>    Plaintiff,<br><br>         v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL UTILITIES SERVICE; EDWARD T. SCHAFER, in his official capacity as Secretary of Agriculture; JAMES M. ANDREW, in his official capacity as Administrator, Rural Utilities Service, United States Department of Agriculture<br><br>    Defendants. | ) <br> ) <br> ) <br> ) Case No.07-cv-1860-EGS <br> ) <br> ) **PLAINTIFF'S** <br> ) **MEMORANDUM IN** <br> ) **OPPOSITION TO** <br> ) **SUNFLOWER ELECTRIC** <br> ) **POWER CORPORATION'S** <br> ) **MOTION TO INTERVNE** <br> ) <br> ) <br> ) |

   Plaintiff Sierra Club filed this action in October 2007 to obtain declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, for the Rural Utility Service's ("RUS") failure to comply with the National Environmental Policy Act, 42 U.S.C. §§ 321-4370(f) ("NEPA"), before providing Sunflower Electric Power Corporation approvals required for construction of a coal-fired power plant.  More than five and one-half months later, Sunflower moved to intervene of right or permissively under Fed. R. Civ. P. 24.  Sunflower may not intervene of right under Fed. R. Civ. P. 24(a) because Sunflower fails to meet its burden to establish prudential standing.  Sunflower fails to establish prudential standing because the sole interest it asserts in this case—an interest in avoiding financial loss—is not within the zone of interests protected by NEPA.  However, Sierra Club does not object to Sunflower's permissive intervention under Fed. R. Civ. P. 24(b), provided that the Court imposes conditions on the intervention, described below, to promote the efficient conduct of these proceedings.

I.     **SUNFLOWER MAY NOT INTERVENE OF RIGHT**.

In addition to meeting the requirements of Fed. R. Civ. P. 24(a), the D.C. Circuit requires an applicant to demonstrate both Article III and prudential standing to intervene of right.  In re Vitamins Antitrust Class Actions, 215 F.3d 26, 29 (D.C. Cir. 2000)  (citing Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1074-76 (D.C. Cir. 1998)).  To demonstrate prudential standing, the applicant must show that its interests are within the zone of interests protected or regulated by the applicable statute.  In re Vitamins Antitrust Class Actions, 215 F.3d at 29 (citing Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153 (1970)).

Sunflower acknowledges that it must show Article III standing (Dkt. # 17, at  6), but fails to acknowledge or specifically address prudential standing.  In support of its position that it has a sufficient interest under Fed. R. Civ. P. 24(a)(2) to support intervention of right, Sunflower relies on Fund for Animals, Inc., v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003).  In that case, the D.C. Circuit stated that its conclusion that the prospective intervenor has constitutional standing is sufficient to establish the required interest under Fed. R. Civ. P. 24(a)(2).  This statement, however, did not alter the D.C. Circuit's prior precedent requiring prudential standing for intervention of right.  See In re Vitamins Antitrust Class Actions, 215 F.3d 26, 29 (D.C. Cir. 2000)  (citing Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1074-76 (D.C. Cir. 1998).[1]  The D.C. Circuit in Fund for Animals, Inc., specifically noted that the potential intervenor's prudential standing had not been questioned in that case and that there was no basis for questioning it under the statute at issue.  322 F.3d at 734 n. 6.[2]  Further, the court relied on its

---

[1] The D.C. Circuit cases do not make clear whether establishing prudential standing is part of the Rule 24(a)(2) interest requirement, or an additional requirement.

[2] Fund for Animals, Inc., involved a claim under the citizens suit provision of the Endangered Species Act, 16 U.S.C. §§ 1532(13), 1540(g)(1)(c).  The court noted that the Supreme Court in Bennett v. Spear, 520 U.S. 154 (1997), had held that the ESA's citizen suit provision negated

earlier decision in Mova Pharmaceutical Corp., in which it specifically evaluated whether the prudential standing "zone of interests" requirement was met in determining whether the prospective intervenor had standing for purposes of intervention of right.  140 F.3d at 1074-76.  Sunflower must show that it meets the zone of interests requirement to intervene of right in this case.

     NEPA is aimed at protection of the environment.  ANR Pipeline Co. v. F.E.R.C., 205 F.3d 403, 498 (D.C. Cir. 2000).  In order to come within the zone of interests protected by NEPA, a party must assert environmental injury; an injury to monetary interests is not within NEPA's zone of interests.  National Association of Homebuilders v. U.S. Army Corps of Engineers, 417 F. 3d 1272, 1287-88 (D.C. Cir. 2005); see Town of Stratford v. Federal Aviation Administration, 285 F.3d 84, 88-89 (D.C. Cir. 2002); ANR Pipeline Co., 205 F.3d at 408.  The only interest that Sunflower asserts in support of its motion to intervene is an interest in avoiding financial loss.  Dkt. # 17, at 7-10, 11, 16.  Specifically, Sunflower asserts that if Sierra Club prevails in this case it will suffer financial loss due to the rescission of RUS's approval of Sunflower's business transactions, increased transaction costs to comply with NEPA with regard to future business transactions, and financial loss due to complication of the legal status of past RUS approvals of Sunflower transactions.  Id.  The alleged financial loss is not within the zone of interests protected by NEPA.  Because Sunflower neither alleges nor makes any showing that it will suffer an injury within the zone of environmental interests protected by NEPA, Sunflower has failed to meet its burden to show prudential standing.  Therefore, Sunflower may not intervene of right in this case.

---

application of the zone of interests test to claims under the ESA, and that even if the test applied it appeared that the intervenor satisfied the test.  322 F.3d at  734 n.6.  Neither the APA nor NEPA, at issue in this case, contain language negating the zone of interests test.

3

## II. THE COURT MAY PERMIT SUNFLOWER TO INTERVENE PERMISSIVELY SUBJECT TO REASONABLE CONDITIONS.

Permissive intervention ordinarily requires an independent ground for subject matter jurisdiction. Equal Employment Opportunity Commission v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). Prudential standing is a limitation on the court's exercise of subject matter jurisdiction. Bennett v. Spear, 520 U.S. 154, 162 (1997). However, in the D.C. Circuit, "there is uncertainty over whether standing is necessary for permissive intervention." In Re. Vitamins Antitrust Class Actions, 215 F.3d 26, 31 (D.C. Cir. 2000).

Permissive intervention is inherently discretionary. Equal Employment Opportunity Commission v. National Children's Center, Inc., 146 F.3d at 1046. The Court may grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law and fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, the court must consider whether the motion to intervene is "timely" and "whether the intervention will unduly prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3).

The Court may impose conditions on permissive intervention to minimize delay and prejudice to existing parties. Nationwide Mutual Insurance Co. v. National REO Management, Inc., 205 F.R.D. 1, 7 (D.D.C. 2000). Virtually any condition may be attached to a grant of permissive intervention. Beauregard, Inc., v. Sword Services L.L.C., 107 F.3d 351, 352 n.2 (5th Cir. 1997); see Nationwide Mutual Insurance Co., 205 F.R.D. at 7 (quoting J.B. Stringfellow, Jr. v. Concerned Neighbors in Action, 480 U.S. 370, 382 n.1 (1987) (Brennan J., concurring) ("[e]ven highly restrictive conditions may be appropriately placed on a permissive intervenor").[3]

---

[3] Although Sunflower may not intervene of right for the reasons discussed above, this Court may also impose conditions on intervention of right. See Fund for Animals, Inc. v. Norton, 322 F.3d

In this case, Sunflower did not move to intervene until April 7, 2008, more than five and one half months after Sierra Club filed its Complaint on October 16, 2007. At the time of Sunflower's motion, RUS's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) had been fully briefed. Sierra Club does not object to the Court granting Sunflower permissive intervention for the purpose of defending the claims asserted by Sierra Club in this case,[4] provided that the Court imposes conditions on the intervention to prevent delay and promote the efficient conduct of these proceedings. Specifically, Sierra Club requests the Court to:

(1)   prohibit Sunflower from filing motions under Fed. R. Civ. P. 12(b);

(2)   require Sunflower to file its answer, if RUS's Motion to Dismiss is denied, no later than the date by which RUS must file its answer; and

(3)   require Sunflower to coordinate with the other parties its filing of motions and briefs on the merits of this case and on other issues that may arise by either filing consolidated motions and briefs with RUS, or filing separate motions and briefs at the same time as RUS.

The prohibition on Rule 12(b) motions and requirement for filing of an answer are reasonable conditions designed to prevent delay and promote the efficient conduct of these proceedings, given Sunflower's failure to move to intervene prior to briefing on RUS's Motion to Dismiss,

---

728, 737 n.11 (D.C. Cir. 2003) (quoting Advisory Committee Note to 1966 Amendment to Fed. R. Civ. P. 24(a) ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the efficient conduct of the proceedings").

[4] Sunflower's motion and supporting memorandum discuss at length Sunflower's interest in avoiding the alleged financial loss it will suffer if Sierra Club prevails on its Complaint. Sunflower does not specify any particular defenses or affirmative claims that it wishes to assert in this case—alleging only that it "has claims and defenses in common with the main action." Dkt. # 17, at 2, 17. Further, Sunflower has failed to submit with its motion to intervene a proposed "pleading that sets out the claim or defense for which intervention is sought" as required by Fed. R. Civ. P. 24(c). Sunflower's failure to submit a proposed pleading makes it difficult to evaluate whether intervention to permit the filing of claims would be appropriate. In the absence of a pleading, the Court cannot determine whether there is a jurisdictional basis for any such claims and whether the standards for intervention are met with respect to such claims. For these reasons, Sunflower's intervention should be limited to defense of Sierra Club's Complaint.

and failure to file a responsive pleading with its motion to intervene as required by Fed. R. Civ. P. 24(c).  See Nationwide Mutual Insurance Co., 205 F.R.D. at 7  (limiting issues that may be addressed by intervenor and noting that "[a]llowing the applicant to delay the case by waiting to file a motion to intervene until after a dispositive motion was filed by the plaintiff would unreasonably force both the plaintiff and the defendant to reargue matters that were already briefed").  The condition regarding coordination of motions and briefs is also a reasonable condition designed to promote the efficient conduct of these proceedings.  These conditions are also reasonable in light of the fact that Sunflower has made no showing that RUS is not able to or will not continue to vigorously defend this case, thereby adequately representing Sunflower's interests.

For these reasons, the Court should deny Sunflower intervention of right, and grant Sunflower permissive intervention limited to defense of Sierra Club's Complaint, subject to the conditions set forth above and in the accompanying proposed Order.

Dated:  April  18, 2008

Respectfully submitted,

/s/ Nicholas F. Persampieri
NICHOLAS F. PERSAMPIERI (*Pro Hac Vice*)
Earthjustice
1400 Glenarm Place, Ste. 300
Denver, CO 80202
Tel: (303) 623-9466
Fax: (303) 623-8083
Email: npersampieri@earthjustice.org

/s/ David S. Baron
DAVID S.  BARON
DC Bar #464222
Earthjustice
1625 Massachusetts Ave., NW
Ste. 702
Washington, DC 20036
Tel: (202) 667-4500
Fax: (202) 667-2356
Email: dbaron@earthjustice.org

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

  I hereby certify that on April 18, 2008, I served the foregoing Plaintiff's Memorandum in Opposition to Sunflower Electric Power Corporation's Motion to Intervene via e-mail on the following:

Brian C. Toth
brian.toth@usdoj.gov

Julie S. Thrower
julie.thrower@usdoj.gov

Matthew A. Axtell
maxtell@velaw.com

Carole E. Dinkins
cdinkins@velaw.com

Sharon M. Mattox
smattox@velaw.com

            /s/ Nicholas F. Persampieri
            Nicholas F. Persampieri

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.07-cv-1860-EGS |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **PLAINTIFF'S PROPOSED** |
| AGRICULTURE, RURAL UTILITIES SERVICE; ) | **ORDER GRANTING IN PART** |
| EDWARD T. SCHAFER, in his official capacity as ) | **SUNFLOWER ELECTRIC** |
| Secretary of Agriculture; JAMES M. ANDREW, in his ) | **POWER CORPORATION'S** |
| official capacity as Administrator, Rural Utilities Service, ) | **MOTION TO INTERVNE** |
| United States Department of Agriculture ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Sunflower Electric Power Corporation's ("Sunflower") Motion to Intervene in this case of right or permissively under Fed. R. Civ. P. 24. The Court having considered Sunflower's motion and supporting memorandum, Plaintiff's memorandum in opposition, and Sunflower's reply memorandum, it is hereby ordered that the motion is denied to the extent that it requests intervention of right and granted to the extent that is seeks permissive intervention for the purpose of defending the claims asserted by Sierra Club in this case, subject to the conditions set forth below, which I find are reasonable conditions designed to prevent delay and promote the efficient conduct of these proceedings. Sunflower is hereby granted permissive intervention, subject to the following:

(1) Sunflower is prohibited from filing motions under Fed. R. Civ. P. 12(b);

(2) Sunflower shall file its answer, if RUS's Motion to Dismiss is denied, no later than the date by which RUS must file its answer; and

(3) Sunflower shall coordinate with the other parties its filing of motions and briefs on the merits of this case and on other issues that may arise by either filing

consolidated motions and briefs with RUS, or filing separate motions and briefs at the same time as RUS.

It is so ordered.

Dated:

_____
The Honorable Emmet G. Sullivan
United States District Judge