UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SIERRA CLUB,                   )
                               )
            Plaintiff,         )
                               )
                               )    Civ. No. 07-1860(EGS)
       v.                      )
                               )
UNITED STATES DEPARTMENT OF    )
AGRICULTURE, RURAL UTILITIES   )
SERVICE, et al.,               )
                               )
            Defendants.        )
_____)
```

## ORDER

Sierra Club brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, against the U.S. Department of Agriculture, Rural Utilities Service ("RUS"), alleging that RUS violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, when it failed to conduct any environmental assessment before approving certain financial transactions of Sunflower Electric Power Corporation ("Sunflower"). Specifically, Plaintiff alleges that RUS should have prepared an environmental impact statement ("EIS") before approving a debt restructuring arrangement and various other third party agreements entered into by Sunflower in preparation for building three new coal-fired power plants. Plaintiff seeks rescission of the approvals required for construction of the power plants and an injunction requiring RUS to prepare an EIS

before undertaking any action on the project, "including the approval of any agreement or the release of any security interest required for construction to proceed." Compl. at 21, ¶ 2.

Pending before the Court is Sunflower's Motion to Intervene as a defendant. Upon consideration of the Motion, the response and reply thereto, the applicable law and the entire record, it is hereby **ORDERED** that Sunflower's Motion to Intervene is **GRANTED**.

The Court finds that Sunflower has made the requisite showing to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). Interpreting this rule, the D.C. Circuit has held that the qualification for intervention as a matter of right depends upon four factors: (1) the timeliness of the Motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). This Circuit has further held that a party seeking to intervene as of right must demonstrate that it has Article III standing. *Id.*

Sunflower has met these requirements. The Court finds that Sunflower's Motion was timely because it was filed before an answer was filed in this case and before the Court had ruled on any dispositive motions. As the recipient of the approvals challenged by Plaintiff, Sunflower avers it will face significant financial loss and regulatory uncertainty if Plaintiff is successful. Accordingly, Sunflower has adequately stated an interest in the property or transaction which is the subject of the action. Should Plaintiff prevail, Sunflower would, as a practical matter, be unable to protect its interest in the approvals already received by RUS and its plans to further expand the Holcomb Station power plant. Finally, Sunflower has made a showing that its interest is not adequately represented by the Federal Defendants. *See Fund For Animals v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("We have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors.") Because "any person who satisfies Rule 24(a) will also meet Article III's standing requirement," *Roeder*, 333 F.3d at 233, the Court finds that Sunflower has standing to intervene as a defendant in this action.

An intervention of right may be subject to appropriate conditions or restrictions responsive among other things to the requirements of the efficient conduct of the proceedings. *See Fund for Animals*, 322 F.3d at 738 n. 11 (citing Fed. R. Civ. P.

24(a) advisory committee's note on 1966 amendment). At this time, the Court is not inclined to impose any restrictions upon Sunflower's participation, but rather accepts Sunflower's representations that it will not file a Motion to Dismiss or seek "to extend the Court's subject matter jurisdiction beyond what the Plaintiff has already set forth." Sunflower's Reply at 8. If the pending Motion to Dismiss is denied, the Court will issue a Scheduling Order to coordinate the briefing schedules of all parties which will address any concerns raised by Plaintiff regarding the efficiency of this litigation.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **May 9, 2008**