UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL UTILITIES SERVICE; EDWARD T. SCHAFER, in his official capacity as Secretary of Agriculture; JAMES M. ANDREW, in his official capacity as Administrator, Rural Utilities Service, United States Department of Agriculture<br><br>    Defendants,<br><br>    and<br><br>SUNFLOWER ELECTRIC POWER CORPORATION,<br><br>    Intervenor-Defendant. | Case No.07-cv-1860-EGS<br><br>**SIERRA CLUB'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

On July 1, 2008 Federal Defendants filed a Notice of Supplemental Authority, advising the Court of <u>Duncan's Point Lot Owners Association Inc. v. FERC</u>, 522 F.3d 371 (D.C. Cir. 2008). Dkt. # 24. Federal Defendants assert that the opinion addresses the issue of what constitutes a "major Federal action," and that the same legal question is also at issue in Federal Defendant's pending motion to dismiss. <u>Id.</u> Federal Defendants make no attempt to discuss the relevance of the case to the pending motion to dismiss. In fact, the opinion is not relevant to any of the three bases for dismissal asserted in Federal Defendants' motion. The opinion does, however, support the Sierra Club's Complaint on an issue not before the court on the motion to dismiss, by acknowledging that federal control and responsibility over the actions of a private party can require compliance with NEPA.

In Duncan's Point, the operator of a hydroelectric project pursuant to a FERC license granted a developer of nearby homes an easement across project property for a wastewater discharge pipe and permission to build a seawall on project property. 522 F.3d at 373-74. The D.C. Circuit upheld FERC's decision not to prepare an environmental impact statement for the discharge pipe and seawall on the grounds that these activities "are neither major nor significant." Id. at 376. Whether an action is "major" or "significant" hinges on the scope and intensity of the action's impacts on the environment. See 40 C.F.R. § 1508.27 (significance depends on context and intensity of impacts); 40 C.F.R. § 1508.18 ("[m]ajor reinforces but does not have a meaning independent of significantly"); Fund for Animals v. Thomas, 127 F.3d 80, 83 (D.C. Cir. 1997) (Forest Service adoption of policy is not major because its environmental consequences are negligible). Thus, in Duncan's Point the court upheld the agency's decision not to prepare an EIS based on the court's review of the record, which indicated that FERC had not "ignored any significant consequences to the environment resulting from the discharge pipe and seawall." 522 F.3d at 376.

Federal Defendants' motion to dismiss does not assert that the agency action at issue in this case, which includes RUS's approval of agreements required for expansion of a coal-fired power plant, is not "major" or "significant."[1] Rather, Federal Defendants' motion asserts that Sierra Club's Complaint should be dismissed based on the following three defenses:

(1) The RUS approvals are committed to agency discretion under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2) (Dkt. # 12, at 13-20);

(2) An RUS regulation, 7 U.S.C. § 1794.3, exempts the RUS approvals from the definition of "actions" subject to NEPA. (Dkt. # 12, at 21-31); and

---

[1] Federal Defendants would be hard pressed to raise such arguments regarding the coal plant expansion authorized by RUS. Further, to the extent that there is a dispute whether the action at issue in this case is "major" or "significant," that dispute involves factual issues that are not appropriately resolved on a motion to dismiss.

2

  (3)  The RUS approvals are not "major federal action," because RUS does not have authority under the Rural Electrification Act to impose environmental restrictions or require consideration of alternatives to the coal plant expansion project (Dkt. # 12, at 31-37).

Duncan's Point does not address any of these issues. See Fund for Animals, 127 F.3d at 83 (separately analyzing whether there is "action," and, if so, whether it is "major").

  Though not directly relevant to the issues properly before the Court on the motion to dismiss, both the D.C. Circuit and FERC in Duncan's Point acknowledged that action by a non-federal actor that is subject to a federal agency's control and responsibility requires an EIS under NEPA if the action is "major" and "significantly affects the quality of the human environment." 522 F.3d at 376 (citing 42 U.S.C. § 4332(2)(C)); 112 FERC ¶ 61,289, at ¶ 12, 2005 WL 2242973, at **4 (Sept. 15, 2005). Indeed, because there was action by its licensee subject to federal control and responsibility, FERC was required to consider whether the action was major and had a significant impact on the quality of the human environment.[2] It is Sierra Club's position, consistent with Duncan's Point, that RUS's approval of agreements required for the Sunflower coal plant expansion project that will have significant impacts on the quality of the human environment is sufficient federal control and responsibility to require RUS to prepare an EIS. In case there is any doubt that RUS, through its approvals, exercised sufficient control and responsibility over the coal plant expansion project to require an EIS, Sierra Club intends to

---

[2] FERC also complied with its obligations under the National Historic Preservation Act ("NHPA") with respect to the discharge pipe and seawall, determining that they would not have an adverse impact on a designated historic district. 522 F.3d at 377. FERC agreed that it was required to consider the effect on the historic district of any actions taken by the developer that were authorized under the FERC license. Id. The NHPA applies to "undertakings," which are defined as a "project, activity or program . . . requiring a Federal permit[,], license or approval." 16 U.S.C. § 470w(7); 522 F.3d at 377. Its "undertaking" threshold is analogous to NEPA's "federal action" requirement. See Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 197 n.7 (D.C. Cir. 2003) (similar federal involvement is required under NEPA and NHPA).

3

show additional federal control over the project, federal assistance to the project, and a federal financial interest in the project in its briefing on the merits. Apart from the issue of whether RUS has authority to impose environmental restrictions or require consideration of alternatives to the coal plant expansion project, the issue of whether RUS has sufficient control and responsibility over the project is not properly before the court on the motion to dismiss.[3] Determination of this issue requires a fact intensive analysis, and is subject to de novo review. See Dkt. # 15, at 25-26

Respectfully submitted,

/s/ Nicholas F. Persampieri
NICHOLAS F. PERSAMPIERI (*Pro Hac Vice*)
Earthjustice
1400 Glenarm Place, Ste. 300
Denver, CO 80202
Tel: (303) 623-9466
Fax: (303) 623-8083
Email: npersampieri@earthjustice.org

/s/ David S. Baron
DAVID S. BARON
DC Bar #464222
Earthjustice
1625 Massachusetts Ave., NW
Ste. 702
Washington, DC 20036
Tel: (202) 667-4500
Fax: (202) 667-2356
Email: dbaron@earthjustice.org

ATTORNEYS FOR PLAINTIFF
SIERRA CLUB

---

[3] In their reply brief, Federal Defendants inappropriately present an argument not made in their motion to dismiss and supporting memorandum that RUS involvement in the project apart from the approvals is not sufficient control to give rise to major federal action. Dkt. # 16, at 27-34. The court should not decide this issue, which was not properly raised and requires a fact-intensive analysis, in ruling on the motion to dismiss. Further, resolution of this issue on the motion to dismiss would be unfair to Sierra Club because it did not have access to the administrative record at the time it filed its response brief.

CERTIFICATE OF SERVICE

      I hereby certify that on July 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Brian C. Toth
brian.toth@usdoj.gov

Julie S. Thrower
julie.thrower@usdoj.gov

Matthew A. Axtell
maxtell@velaw.com

                                        /s/ Nicholas F. Persampieri
                                        Nicholas F. Persampieri