**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1860 (EGS) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **DEFENDANTS' REPLY TO** |
| AGRICULTURE, RURAL UTILITIES ) | **PLAINTIFF'S RESPONSE TO NOTICE** |
| SERVICE; EDWARD T. SCHAFER, in his ) | **OF SUPPLEMENTAL AUTHORITY** |
| official capacity as Secretary of Agriculture; ) | |
| and JAMES ANDREW, in his official capacity ) | |
| as Administrator, Rural Utilities Service, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| SUNFLOWER ELECTRIC POWER ) | |
| CORPORATION, ) | |
| ) | |
| Intervenor-Defendant ) | |
| ) | |

On July 1, 2008, Defendants filed a Notice of Supplemental Authority (Doc. # 24) notifying the Court of *Duncan's Point Lot Owners Association v. Federal Energy Regulatory Commission*, 522 F.3d 371 (D.C. Cir. 2008), a case that addresses the issue of what constitutes a "major Federal action" under the National Environmental Policy Act ("NEPA"). On July 8, 2008, Plaintiff filed a response (Doc. #25), arguing first, that *Duncan's Point* is not relevant to the issues presently before the Court, and second, that the issue of whether the Rural Utilities Service ("RUS") has sufficient control and responsibility over the Sunflower project is not properly before the court on Defendants' Motion to Dismiss (Doc. #12). *See* Doc. #25, at 1, 4.

1

In *Duncan's Point*, the D.C. Circuit held that in order to demonstrate that a "major Federal action" was present, the plaintiffs were required to show both that the action was "major" (i.e., significant effect) and that there was sufficient federal control and responsibility over the action by the federal agency. 522 F.3d at 376. The court found that the plaintiffs had not met the requisite showing that the Federal Energy Regulatory Commission's ("FERC") installation of a discharge pipe was a "major" action, and ruled in favor of FERC. Defendants agree with Plaintiff that the issue of whether RUS's approvals of Sunflower's private business agreements that were made pursuant to a loan contract have significant environmental effects – which is essentially the inquiry that the *Duncan's Point* court undertook in determining whether the actions were "major" – is not presently before the Court. *See* 40 C.F.R. § 1508.18 ("Major reinforces but does not have a meaning independent of significantly"). *Duncan's Point* is a case, however, from the D.C. Circuit that dealt generally with the issue of "major Federal action," and Defendants therefore determined that they ought to bring it to the Court's attention.

Contrary to Plaintiff's second contention, the issue of whether RUS has sufficient control and responsibility over the privately-financed Sunflower expansion project is before the Court, and was briefed in Defendants' Motion to Dismiss (Doc. #12, at 31-37). Plaintiff addressed this very issue in its response brief. Doc. #15, at 16-21. Defendants further addressed the issue in their reply brief. Doc. #16, at 20-25. Therefore, this issue is properly before the Court.[1]

Although Plaintiff first states that *Duncan's Point* is completely irrelevant to the issues in this case, it then finds support in *Duncan's Point* that federal control can exist over actions of private

---

[1] The Council on Environmental Quality's definition of "'[m]ajor federal action' includes actions with effects that may be major and which are potentially subject to federal control and responsibility." 40 C.F.R. § 1508.18.

parties, and argues that the case is consistent with its position that RUS has sufficient federal control over the entirely privately financed Sunflower project in order to require RUS to prepare a NEPA document. Doc. #25, at 1, 3. However, the court in *Duncan's Point* only noted that the plaintiffs had *argued* that FERC had control and responsibility over the private licensee's actions; the court did not, however, so hold. *See Duncan's Point*, 522 F.3d at 376. In addition, RUS's authority to control Sunflower's private business agreements is distinguishable from FERC's control over the private licensee in *Duncan's Point*. The private party in *Duncan's Point*, as an operator of a hydroelectric project, was a licensee subject to FERC's ongoing *regulatory* jurisdiction. In the present case, however, RUS does not have any similar authority over future, nonfederally-financed projects that Sunflower may undertake or the operation of the Sunflower facility. *See Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.*, 988 F.2d 1480, 1490 (7th Cir. 1993) (regarding RUS as "a lending agency administering a federal credit program rather than a regulatory agency").

Dated: July 11, 2008.                    Respectfully submitted,

                                          */s/ Julie S. Thrower*
                                         JULIE S. THROWER
                                         BRIAN C. TOTH
                                         Trial Attorneys
                                         Natural Resources Section
                                         Environment and Natural Resources Division
                                         U.S. Department of Justice
                                         P.O. Box 663
                                         Washington, D.C. 20044-0663
                                         Telephone: 202-305-0247 (Thrower)
                                         Telephone: 202-305-0639 (Toth)
                                         Facsimile: 202-305-0506
                                         Email: julie.thrower@usdoj.gov
                                         Email: brian.toth@usdoj.gov

*Of counsel*:

TERENCE M. BRADY
Assistant General Counsel
HELEN HARRIS
Attorney
Rural Utilities Division
Office of General Counsel
United States Department of Agriculture

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2008, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Matthew A. Axtell
> maxtell@velaw.com
>
> David S. Baron
> dbaron@earthjustice.org, zmaxfield@earthjustice.org,
> fsantana@earthjustice.org
>
> Sharon M. Mattox
> smattox@velaw.com, lhernandez@velaw.com
>
> Nicholas F. Persampieri
> npersampieri@earthjustice.org

I also certify that the document will be served upon the following non-CM/ECF participants:

> None required.

> /s/ *Julie S. Thrower*
> JULIE S. THROWER
> Trial Attorney
> Natural Resources Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 663
> Washington, D.C. 20044-0663
> Telephone:  202-305-0247
> Facsimile:  202-305-0506
> Email:  julie.thrower@usdoj.gov
>
> Attorney for Defendants