UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE, RURAL UTILITIES SERVICE; )<br>EDWARD T. SCHAFER, in his official capacity as )<br>Secretary of Agriculture; JAMES M. ANDREW, in his )<br>official capacity as Administrator, Rural Utilities Service, )<br>United States Department of Agriculture )<br>)<br>    Defendants, )<br>)<br>    and )<br>)<br>SUNFLOWER ELECTRIC POWER CORPORATION, )<br>)<br>    Intervenor-Defendant. )<br>) | Case No.07-cv-1860-EGS<br><br>**SIERRA CLUB'S NOTICE OF AUTHORITIES ON REMEDY ISSUE** |

    At the July 18, 2008 hearing on the Motion to Dismiss, Sierra Club stated in response to a question from the Court that it requests the Court to set aside the Rural Utility Service's approvals that are the subject of this case and to enjoin RUS action in furtherance of the coal plant expansion project until such time as RUS complies with the National Environmental Policy Act. The Court requested Sierra Club to submit to the Court authorities supporting its contention that such relief is available. This Notice responds to the Court's request.

    Sierra Club filed this case under the Administrative Procedure Act, 5 U.S.C. §§ 706(1) and (2) ("APA"), to obtain declaratory and injunctive relief for RUS's failure to comply with the National Environmental Policy Act, 42 U.S.C. § 4321 – 4370f. As an initial matter, the APA itself authorizes the Court to "set aside" agency action found to be, among other things, arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of

procedure required by law." 5 U.S.C. § 706(2). The APA also authorizes the Court to "compel agency action unlawfully withheld." Id. § 706(1). Further, the District of Columbia Circuit has acknowledged that "when an action is being undertaken in violation of NEPA, there is a presumption that injunctive relief should be granted against continuation of the action until the agency brings itself into compliance." Realty Income Trust v. Eckerd, 564 F.2d 447, 456 (D.C. Cir. 1977); American Oceans Campaign v. Daley, 183 F. Supp.2d 1, 21 (D.D.C. 2000). The Court has the authority to provide Sierra Club the relief described above[1] if it rules in Sierra Club's favor in this case.

                                    Respectfully submitted,

/s/ Nicholas F. Persampieri  
NICHOLAS F. PERSAMPIERI (*Pro Hac Vice*)  
Earthjustice  
1400 Glenarm Place, Ste. 300  
Denver, CO 80202  
Tel: (303) 623-9466  
Fax: (303) 623-8083  
Email: npersampieri@earthjustice.org  

/s/ David S. Baron  
DAVID S. BARON  
DC Bar #464222  
Earthjustice  
1625 Massachusetts Ave., NW  
Ste. 702  
Washington, DC 20036  
Tel: (202) 667-4500  
Fax: (202) 667-2356  
Email: dbaron@earthjustice.org  

ATTORNEYS FOR PLAINTIFF  
SIERRA CLUB

---

[1] The Sierra Club reserves the right to seek other relief in its Amended Complaint, and to further address the issue of remedy in future briefing.

2

CERTIFICATE OF SERVICE

      I hereby certify that on August 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Brian C. Toth
brian.toth@usdoj.gov

Julie S. Thrower
julie.thrower@usdoj.gov

Matthew A. Axtell
maxtell@velaw.com

Sharon M. Mattox
smattox@velaw.com

                                    /s/ Nicholas F. Persampieri
                                    Nicholas F. Persampieri